IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KAMTEL, INC.,

                                                             OPINION AND ORDER

                      Plaintiff,

                                                                 16-cv-633-bbc

      v.

BORE TECH CONSTRUCTION, LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Kamtel, Inc. is suing defendant Bore Tech Construction, LLC for breach of contract and tortious interference with existing and prospective contracts relating to a subcontract under which Bore Tech agreed to provide construction services to Kamtel on several of its projects. Kamtel is relying on diversity of citizenship, 28 U.S.C. § 1332 as a basis for subject matter jurisdiction, and a forum selection clause in the parties' agreement as a basis for personal jurisdiction. Dkt. #1.

      Four months before Kamtel filed this case, Bore Tech filed its own breach of contract action in a state court in Texas. After filing both an answer in the Texas action and its complaint in this court, Kamtel sought to enforce the forum selection clause by asking the state court to transfer its case to this court, or in the alternative, dismiss the Texas lawsuit. The state court denied both motions.

      Before the court are Bore Tech's motions to dismiss this case under Fed. R. Civ. P. 12(b)(1)-(3) and (6) for improper venue, lack of personal and subject matter jurisdiction and

1

failure to state a claim upon which relief can be granted on the ground that the forum selection clause is invalid and the parties' dispute is being litigated in state court. Dkt. ##11-13. Alternatively, Bore Tech asks the court to "abate" or stay this case pending the outcome of the Texas case, dkt. #11, or transfer the case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404 or § 1406(a). Dkt. #14.

For the reasons stated below, I conclude that Bore Tech has failed to show that dismissal is warranted under any subsection of Fed. R. Civ. P. 12(b). However, in light of the ongoing litigation in Texas involving the same contract, Kamtel's delay in asserting the forum selection clause in that case and general concerns with judicial administration, I will grant Bore Tech's motion to stay proceedings in this case pending a final judgment in the Texas lawsuit. Because I am granting a stay, it is unnecessary to consider Bore Tech's motion to transfer this case to the Southern District of Texas, which it made only in the alternative to its request for a stay.

The following facts are drawn from Kamtel's complaint and the parties' subcontract. I also refer to the parties' filings in the Texas case and the order entered by the state court.

BACKGROUND

Plaintiff Kamtel, Inc. is a Wisconsin corporation with its principal place of business in Wisconsin Rapids, Wisconsin. It is a general contractor for telecommunications providers and its services include the placement and repair of buried and aerial cables across the Unites States. Defendant Bore Tech Construction, LLC is a Texas limited liability company that provides general construction contracting services. Bore Tech has its principal place of business in Houston, Texas, and only one member, Stacia George, a citizen of Texas.

2

For approximately thirty years, Kamtel has contracted with AT&T Inc. and its predecessors and affiliates to perform outside plant engineering, construction management, right of way acquisition and cable splicing, installation, and repair throughout the United States. Dkt. #1 at ¶ 7. In early 2014, Bore Tech approached Kamtel and proposed that Kamtel hire Bore Tech as its subcontractor on jobs for AT&T. Id. at ¶ 9. On June 14, 2014, Kamtel and Bore Tech entered into a written agreement under which Bore Tech would serve as a subcontractor on Kamtel's AT&T projects, supplying labor, equipment and materials for cable placement. Id. at ¶ 11; dkt. #15, exh. #6. The agreement contained a Wisconsin choice of law provision and a forum selection clause, which provides that any lawsuit arising from the parties' contractual relationship would be litigated exclusively in the State of Wisconsin. Dkt. #15, exh. #6 at ¶ 20.

Beginning in the fall of 2015, Kamtel became dissatisfied with Bore Tech's performance. The parties failed to repair their relationship, and Kamtel terminated the subcontract in March 2016. Dkt. #1 at ¶¶ 15-30. This action led to a small cascade of court filings.

On May 16, 2016, Bore Tech filed suit in the state district court for Harris County, Texas, alleging claims of breach of contract, unjust enrichment and quantum merit against Kamtel. Dkt. #15, exh. #1. AT&T filed an interpleader claim and deposited funds in the state court's registry. Dkt. #18, exh. #1. See also Heggy v. American Trading Employee Retirement Account Plan, 123 S.W.3d 770, 775 (Tex. App. 2003) ("A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds."). In addition, two other companies intervened in the lawsuit to collect funds owed to them by either Kamtel or Bore Tech, depending on who was found liable for the invoices under the parties' agreement. Dkt. #18, exh. ##2-3. Kamtel filed an answer and general denial on July 1, 2016, but it did not assert

any counterclaims or mention the forum selection clause in its pleading.  Dkt. #15, exh. #2.

On September 16, 2016, Kamtel filed its lawsuit in this court, alleging claims against Bore Tech for breach of contract and tortious interference with existing and prospective contracts. Dkt. #1.  Three days later, Kamtel filed a motion in the Texas state court to transfer Bore Tech's case to Wisconsin based on the forum selection clause in the parties' agreement or, in the alternative, dismiss the case.  The Texas court denied Kamtel's motion as "not meritorious" in a one-sentence order.  Dkt. #15, exh. #5.  At a hearing on the motion, the state court explained that there was no authority for a district court in Texas to transfer a case to a federal district court in Wisconsin.  Hrg. Tr. (Oct. 21, 2016), dkt. #18, exh. #4 at p. 6.  The state court also made the following finding:

> I understand you have [a] forum selection clause.  I don't think it is unreasonable to litigate this case in Texas in this court because it would be unreasonable to require [the intervening] parties to be dismissed and have to file separate lawsuits.

Id. at p. 17.


OPINION

I.  MOTION TO DISMISS

Bore Tech has moved to dismiss this case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3) and failure to state a claim under Rule 12(b)(6).  Because Bore Tech mentions 12(b)(6) only in a footnote, dkt. #15 at 2 n. 1, and fails to advance any argument about why Kamtel's complaint fails to state a claim upon which relief may be granted, it has waived the argument. Wehrs v. Wells, 688 F.3d 886, 891 n. 2 (7th Cir. 2012) (undeveloped and unsupported

arguments are considered waived); Puffer v. Allstate Insurance Co., 675 F.3d 709, 718 (7th Cir. 2012) (undeveloped arguments and arguments unsupported by pertinent authority are waived). Bore Tech makes a similarly conclusory statement that this case should be dismissed for lack of subject matter jurisdiction, but does not challenge Kamtel's assertion of subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332, and no defect is apparent. § 1332 ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."); Johnson v. Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004) (district court has independent duty to determine existence of subject matter jurisdiction). Accordingly, I will deny Bore Tech's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and motion to dismiss under Rule 12(b)(6) for failure to state a claim.

With respect to Bore Tech's Rule 12(b)(2) and (3) motions, the parties agree that the only possible basis for personal jurisdiction over Bore Tech and for venue in this court is the forum selection clause in their subcontract agreement. (Although the parties debated the difference between the terms "venue" and "forum" in the Texas litigation, Bore Tech has not raised that issue in this case. In any event, courts generally do not distinguish venue selection clauses from forum selection clauses. IFC Credit Corp. v. Aliano Brothers General Contractors, 437 F.3d 606, 607 (7th Cir. 2006) (treating clause stating that all actions must be "venued" in certain place as forum selection clause); Continental Insurance Co. v. M/V ORSULA, 354 F.3d 603, 607 (7th Cir. 2003) ("[A] forum-selection clause [is] a contractual term used to select a specific venue.").) Although the brief that Bore Tech filed in support of its motions is convoluted and contains scattershot arguments that are not fully developed in many instances, I understand Bore Tech to

assert that the forum selection clause is either invalid or unenforceable for the following reasons:

> 1) The Texas state court's decision not to enforce the forum selection clause has a res judicata effect on this case.
>
> 2) The forum selection clause and the choice of law provision in the subcontract are void under Texas Business & Commmerce Code § 272.001, which permits a "party obligated by contract to perform construction or repair . . . of an improvement to real property" to void any provision "making the contract or any conflict arising under the contract subject to another state's law."
>
> 3) Enforcement of the forum selection clause would be unreasonable under either state or federal law because (i) a similar action is already proceeding in Texas with an interpleader and third-party interveners; and (ii) the Texas state court has already issued a ruling on the applicability of the forum selection clause.
>
> 4) Kamtel waived its right to enforce the forum selection clause by not raising the issue before or at the time it filed an answer in the Texas state case.
>
> 5) Kamtel is estopped from enforcing the forum selection clause in this court because (i) it intentionally accepted the jurisdiction of the Texas court by not removing the case to federal court; and (ii) it filed a general denial answer in the Texas lawsuit.

Complicating the analysis of many of these issues is the question whether federal, Wisconsin or Texas law applies, which the parties also dispute.

I can address Bore Tech's argument regarding res judicata summarily. As Kamtel points out, Bore Tech provides no legal authority or argument for its repeated assertion that res judicata bars this lawsuit. Accordingly, it has waived the argument by failing to develop it. Wehrs, 688 F.3d at 891 n.2. However, even if there was no waiver, the res judicata argument is premature. The United States Supreme Court has held that a federal court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." Migra v. Warren City School District Board of Education, 465 U.S. 75, 81 (1984). Under Texas law, "[r]es judicata precludes relitigation of claims that have been

6

finally adjudicated." Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). Because the Texas litigation is still in its early stages and the state court has not entered a final judgment on Bore Tech's claims, the state court's denial of Kamtel's motion to dismiss does not have preclusive effect in this case.

I will start with a discussion of the choice of law issue, which includes Bore Tech's argument that the forum selection clause is void under Texas law, and then address Bore Tech's remaining arguments regarding the validity and enforcement of the clause.

### A.  Choice of Law

"When assessing the validity of a forum selection clause, the first step is to determine whether state law or federal common law 'governs the issue of validity.'" Israeli v. Dott. Gallina S.R.L., 632 F. Supp. 2d 866, 868 (W.D. Wis. 2009) (quoting IFC Credit, 437 F.3d at 608). Under the well-settled doctrine announced in Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996). However, determining what qualifies as a procedural matter versus a substantive matter is not always straightforward. Hahn v. Walsh, 762 F.3d 617, 629 (7th Cir. 2014) ("[A]nalysis of particular applications of this broad doctrine is more nuanced than simply labeling a state law 'substantive' or 'procedural'."). As Bore Tech points out, there is some confusion about whether federal or state law applies to the validity and enforcement of forum-selection clauses. Matthew J. Sorensen, "Enforcement of Forum-Selection Clauses in Federal Court After Atlantic Marine," 82 Fordham L. Rev. 2521, 2524 (2014). Complicating matters is the fact that neither party in this case makes a coherent

or convincing choice of law argument.

Bore Tech cites some authority in support of its view that state and not federal law should determine whether a forum selection clause is valid and enforceable. Northwest National Insurance Co. v. Donovan, 916 F.2d 372, 374 (7th Cir. 1990) (stating in dicta that "[v]alidity and interpretation are separate issues, and it can be argued that as the rest of the contract in which a forum selection clause is found will be interpreted under the principles of interpretation followed by the state whose law governs the contract, so should that clause be."). However, it fails to explain or cite any authority for its conclusory assertion that Texas state law both applies and voids the forum selection clause in this case.

In determining which state's substantive law applies in a diversity case, a federal court generally looks to the choice of law rules of the state in which it sits—in this case, Wisconsin. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496 (1941); McCoy v. Iberdrola Renewables, Inc., 760 F.3d 674, 684 (7th Cir. 2014). The first rule of choice of law in Wisconsin is "that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance." State Farm Mutual Automobile Insurance Co. v. Gillette, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 588, 641 N.W.2d 662, 676 (internal quotation omitted). In making this determination, Wisconsin courts consider five choice-influencing factors: (1) predictability of results, which focuses on the parties' expectations; (2) maintenance of interstate and international order, which requires the jurisdiction with minimal concerns to defer to the jurisdiction with substantial concerns; (3) "simplification of the judicial task" of applying the state law; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law. Id., 251 Wis. 2d at 588-94; Heath v. Zellmer, 35

Wis. 2d 578, 596, 151 N.W.2d 664, 672 (1967).  Bore Tech does not cite Wisconsin's (or any other state's) choice of law rules or provide any information that would help the court analyze the relevant factors.

At various points in its brief, Bore Tech emphasizes in its brief the fact that it and the third-party interveners are Texas citizens, but it has not shown that Texas has any particular interest in Kamtel's claims or the parties' contract apart from the fact that Bore Tech filed its claims in Texas.  (Bore Tech mentions that most of the work it performed on the AT&T projects was in Texas, but it does not identify any evidence from which the court can draw this conclusion, and the subcontract is silent on the issue.)   Moreover, the parties expressed a clear intent for Wisconsin law to apply to any disputes involving the contract.

Because Bore Tech failed to raise or develop a meaningful argument that Texas substantive law voids the parties' forum selection clause, it has waived the argument.  McCoy, 760 F.3d at 684 (party may waive choice of law issue by failing to assert it and when no party raises choice of law issue, federal court may apply forum state's substantive law).  Therefore, if the validity and enforcement of the forum selection clause is a matter of state substantive law and not federal procedure, Wisconsin law would apply.

For its part, Kamtel merely assumes that federal law applies to the forum selection clause and focuses its discussion on the Supreme Court's deference to forum selection clauses in Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas, __ U.S. __, 134 S. Ct. 568, 575 (2013) (holding that district court should grant motion to change federal venue based on valid forum selection clause "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.").  However, this discussion does little

9

to advance the choice of law analysis.  As Bore Tech points out, <u>Atlantic Marine</u> involved the transfer of cases between federal courts under 28 U.S.C. § 1404(a), which is not the issue in this case, and "left open the question of whether state or federal law governs the validity of forum-selection clauses in diversity cases."  Sorensen, 82 <u>Fordham L. Rev.</u> at 2545-46.

Federal courts are split on the issue whether state versus federal law applies to forum selection clauses.  <u>Id.</u>  Given the confusion, many courts, including the Court of Appeals for the Seventh Circuit, avoid deciding the issue.  <u>Id.</u> at 2546-47; <u>IFC Credit</u>, 437 F.3d at 609 ("It seems that either position is arbitrary.  If federal law governs, an arbitrary difference between a federal and a state litigation is created.  If state law governs, an arbitrary difference between a dismissal (followed by a refiling) and a transfer is created.  Prudence in this situation counsels us to reserve decision and instead consider how the appeal would be decided under either view and hope that the result will be the same.").  As in <u>IFC Credit</u>, it is unnecessary to resolve the issue in this case because as discussed below, the result in this case is the same under either standard.

B.  <u>Enforcement of Forum Selection Clause</u>

As Bore Tech mentions briefly the United States Supreme Court has held that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" or "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."  <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 and 15 (1972).  Although not entirely on point in this case, the Court's more recent decision in <u>Atlantic Marine</u> reiterated the view that forum selection clauses should be "given controlling weight in all but the most

exceptional cases." M/S Bremen, 134 S. Ct. at 579 (addressing motions to transfer under 28 U.S.C. § 1404(a)). Wisconsin has a strong presumption favoring venue in the forum specified in a contractual forum selection clause unless the clause is unconscionable or enforcement is shown to be unreasonable under the circumstances. Israeli v. Dott. Gallina S.R.L., 632 F. Supp. 2d 866, 869 (W.D. Wis. 2009); Converting/Biophile Laboratories, Inc. v. Ludlow Composites Corp., 2006 WI App 187, ¶ 22, 296 Wis. 2d 273, 722 N.W.2d 633; Pietroske, Inc. v. Globalcom, Inc., 2004 WI App 142, ¶ 1, 275 Wis.2d 444, 685 N.W.2d 884.

Apart from alleging that the forum selection clause is void under Texas law, Bore Tech does not challenge the conditions under which the contract or clause were formed or develop an argument that the terms of the clause are unconscionable. E.g., Bremen, 407 U.S. at 15 (forum selection clause may not be enforced if it was result of fraud or overreaching); Pietroske, 2004 WI App 142, ¶ 6 ("In the context of a forum-selection clause, we are concerned about procedural and substantive unconscionability."). Instead, Bore Tech's arguments against enforcing the forum selection clause include waiver, estoppel and forum shopping and focus on Kamtel's conduct in the Texas litigation. Specifically, Bore Tech contends that Kamtel waived its forum selection clause arguments and is estopped from bringing this suit on the basis of the clause because it intentionally accepted the jurisdiction of the Texas state court and did not seek to enforce the forum selection clause in a timely manner. However, as Kamtel points out, Bore Tech fails to cite any relevant legal authority for its position that Kamtel's claims should be dismissed on these grounds.

Bore Tech discusses estoppel only in general terms and bases its waiver argument on a Wisconsin state procedural statute regarding the time for filing a motion to stay proceedings

pending trial in a foreign forum. Wis. Stat. § 801.63(2) (after a court finds that trial should take place in a foreign forum, "[t]he motion to stay the procaedings shall be filed prior to or with the answer unless the motion is to stay proceedings on a cause raised by counterclaim, in which instance the motion shall be filed prior to or with the reply."). Bore Tech does not explain why it believes that it is relevant that Kamtel may have violated *Wisconsin* law by filing its motion to transfer or dismiss the Texas case after filing an answer in the Texas court. As Kamtel points out, Texas rules of procedure generally apply to cases pending in Texas state courts, even where another state's substantive law applies. Man Industries (India), Ltd. v. Midcontinent Express Pipeline, LLC, 407 S.W.3d 342, 352 (Tex. App. 2013) ("Even if a contract contains a choice-of-law provision in which the parties have agreed to apply the law of a different state, 'we as the forum will apply our own law to matters of remedy and procedure.'") (quoting Autonation Direct.Com, Inc. v. Thomas A. Moorehead, Inc., 278 S.W.3d 470, 472 (Tex. App. 2009)). Bore Tech seems to concede that Kamtel's motion to transfer or dismiss was not untimely under Texas law.

In its reply brief, Bore Tech provides more explanation, arguing that waiver of a forum selection clause is a matter of substantive contract law, which is governed by Wisconsin law in this case. (I note that this argument is in apparent conflict with Bore Tech's earlier argument that Texas substantive law applies and voids the forum selection clause altogether.) The Court of Appeals for the Fifth Circuit recently noted in an unpublished opinion that "[t]here is a lack of authority determining whether federal or state law principles control the standard for determining a party's waiver of rights under a forum selection clause." Wellogix, Inc. v. SAP American, Inc., 648 Fed. Appx. 398, 401 (5th Cir. 2016). In Wellogix, the court of appeals avoided deciding the

12

choice of law issue because it agreed with the district court that defendant did not waive the forum selection clause under either federal or state law. In any event, Bore Tech has not provided sufficient argument or information from which I can make such a determination, and its new choice of law arguments regarding waiver and estoppel come too late. Mendez v. Perla Dental, 646 F.3d 420, 423-24 (7th Cir. 2011).

Nonetheless, Bore Tech raises some good points about whether this lawsuit should proceed in light of the ongoing litigation in Texas involving the same contract and Kamtel's failure to challenge that court's jurisdiction until several months after filing an answer in the case. However, these concerns are best considered in conjunction with Bore Tech's motion to abate (or stay) proceedings in this case pending the outcome of the Texas litigation, which I discuss below. Because the parties consented to both personal jurisdiction and venue in Wisconsin, this court does not "lack" personal jurisdiction and venue is not "wrong." BouMatic, LLC v. Idento Operations, BV, 759 F.3d 790, 793 (7th Cir. 2014) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14 (1985)) (personal jurisdiction and venue can rest on consent). Without more facts or argument from Bore Tech, I am not persuaded that dismissal for lack of personal jurisdiction or improper venue is warranted. Accordingly, Bore Tech's motions to dismiss under Rule 12(b)(2) and (3) will be denied.

II. MOTION TO STAY AND ALTERNATIVE MOTION TO TRANSFER

Kamtel criticizes Bore Tech for improperly relying on Wisconsin procedural law in arguing that this case should be stayed pending resolution of the Texas state case and asserts that there is "no procedural mechanism by which the court could do that." Dkt. #17 at 18. However,

13

Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), "permits federal courts to defer to a concurrent state proceeding as a matter of wise judicial administration . . . when parallel state court and federal court lawsuits are pending between the same parties." Adkins v. VIM Recycling, Inc., 644 F.3d 483, 497-98 (7th Cir. 2011). Although the parties do not discuss the Colorado River doctrine, several federal courts have raised the issue sua sponte. Ayers v. Ayers, No. 11-CV-2208, 2013 WL 1290526, at *4 (C.D. Ill. Mar. 28, 2013) ("[W]hether a court may abstain on its own accord under Colorado River appears to be a matter of first impression in this Circuit," but the Court of Appeals for the Seventh Circuit has allowed it with similar abstention doctrines.). See also Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 27 n. 4 (1st Cir. 2010); Michelson v. Citicorp National Services, Inc., 138 F.3d 508, 510 (3d Cir. 1998) (affirming district court sua sponte stay under Colorado River pending resolution of related state court action); Nationstar Mortgage LLC v. Knox, 351 Fed. Appx. 844, 851 (5th Cir. 2009) (unpublished).

As the district court explained in Ayers, "[t]he default rule between state and federal courts is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction,' due to the 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" Ayers, 2013 WL 1290526, at *4 (quoting Colorado River, 424 U.S. at 817). "Abstention from the exercise of federal jurisdiction is the exception, not the rule," and "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River, 424 U.S. at 813. Abstention is justified "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing

14

interest." Id.

Determining whether Colorado River abstention should apply requires a two-part inquiry: (1) whether the concurrent state and federal actions are actually parallel; and (2) if so, whether "exceptional circumstances" justify abstention. Adkins, 644 F.3d at 498; Tyrer v. City of South Beloit, 456 F.3d 744, 751 (7th Cir. 2006). With respect to the first question, "precisely formal symmetry" is not required. Id. A court should examine "whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." Tyrer, 456 F.3d at 752. There is little doubt that the Texas case and this case are parallel. Although the Texas lawsuit involves an interpleader and two third-party interveners not present in this lawsuit and Kamtel has filed claims for tortious interference of contract and potential contract, the fundamental question in both cases is who is liable for the breach of the parties' agreement and responsible for payment for services performed on the AT&T projects. Both cases involve the same core parties, arise out of the same set of circumstances and raise the same factual and legal issues. A decision in one case would directly affect the decision in the other.

In considering the second inquiry under Colorado River, the Court of Appeals for the Seventh Circuit has instructed courts to balance the following factors: 1) whether the state has assumed jurisdiction over the property at issue, and if so, which was first; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of the governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the

federal claim. Tyrer, 456 F.3d at 754; Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288-89 (7th Cir. 1988).

The first seven factors weigh in favor of allowing the litigation in Texas to proceed. Before Kamtel filed this federal lawsuit, the Texas state court considered the parties' forum selection arguments and exercised jurisdiction on the ground that it would be unreasonable to enforce the forum selection clause. As discussed at length above, whether state or federal law governs the forum selection clause is not clear, but there is a strong argument that state substantive law applies. In addition, state law will control all other substantive legal decisions concerning the parties' claims because the underlying contract and tort claims do not involve federal legal questions. Although Kamtel argues that its claims can be severed and proceed independently in this court, the same underlying question of breach of contract is at issue in both cases and would almost certainly entail duplication and a real risk of contradictory rulings on a variety of issues. Although the judgment of the first court to finish likely would have preclusive effect on the other court, that simply means that all of the resources devoted to litigating one of the cases would be wasted. There is no reason to suspect that the state court could not adequately adjudicate Kamtel's claims. Particularly because the state court proceedings are well underway, it makes sense to allow that court the first opportunity to resolve the parties' disputes without the potential interference and confusion that parallel proceedings could create.

Even though Kamtel is a citizen of the state of Wisconsin, this forum is not convenient for other interested parties and witnesses. Bore Tech is a citizen of Texas and three other parties already have joined the Texas lawsuit. It is unclear from the parties' submissions where the construction work was performed, but neither party has alleged that any of the work occurred in

16

Wisconsin.

Factor eight is neutral because concurrent jurisdiction seems to be appropriate. Factor nine weighs slightly in favor of abstention because Kamtel had an opportunity to remove the Texas case to this or another federal court but chose not to do so. Further, because I am not dismissing this case, Kamtel will have the opportunity to be heard in this court on any matters that are not resolved by the state court once that litigation has ended.

Finally, I conclude that on balance, factor ten also weighs in favor of abstention. By failing to file a notice of removal or a motion to dismiss in lieu of an answer, Kamtel implicitly consented to the Texas court's jurisdiction for several months before seeking to enforce the forum selection clause. Kamtel argues that Bore Tech should not be allowed to benefit from the improper filing of its claims in Texas in violation of the forum selection clause and that its own counterclaims should be allowed to proceed in the "correct, bargained-for forum." Dkt. #18 at 10. However, regardless whether Bore-Tech had the "right" to initiate the lawsuit in Texas in light of the forum selection clause, Kamtel was evidently content to litigate Bore Tech's claims there for several months before deciding to file suit in this court and only then move for a transfer of venue in the state court proceeding. Merrill Lynch v. Commercial Financial, Corp. v. Trident Labs, Inc., No. 10C5925, 2011 WL 2415159, at *5 (N.D. Ill. June 10, 2011) (finding that plaintiff's "unusual procedural posture" of waiting 18 months before filing transfer motion in contract case involving forum selection clause was "special factor" weighing in favor of abstention).

On balance, I conclude that a stay is warranted pending final judgment in the Texas case. LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556, 1562 (7th Cir. 1989) ("A stay, in

contrast to a dismissal, allows the federal court to retain jurisdiction over the federal action in case the state litigation 'washes out' for some reason and fails to reach its anticipated end of a final decision on the merits."); Merrill Lynch, 2011 WL 2415159, at *5 (finding same). In any event, "[i]t is within the discretion of the court to stay proceedings pending the resolution of other suits. . . . The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Grice Engineering, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

Because I am granting a stay in this case, it is unnecessary to consider Bore Tech's motion to transfer this case to the United States District Court for the Southern District of Texas, which it filed only in the alternative to its request for a stay.

ORDER

IT IS ORDERED that:

1. Defendant Bore Tech Construction, LLC's motion to dismiss under Fed. R. Civ. P. 12(b)(1)-(3) and (6), dkt. ##11-13, are DENIED.

2. Defendant's motion to stay this case pending final judgment in Bore Tech Construction, LLC v. Kamtel, Inc., Cause No. 2016-32024 (Harris Cty., Tex. Distr. Ct.), dkt. #11, is GRANTED.

3. Defendant's alternative motion to transfer this case, dkt. #14, is DENIED as unnecessary.

4. The clerk of court is instructed to close this case administratively and remove it from the active docket. The case may be reopened by motion of either party within 60 days after the proceedings in state court are completed, including any appeals.

Entered this 9th day of February, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge